The plaintiff, Willie H. Stokes, appeals from a judgment in favor of defendant Lionel W. "Red" Noonan, et al., holding that Act No. 85-237, Acts of Alabama 1985, is valid and constitutional.
Stokes, as a registered voter, taxpayer, and real property owner of Mobile County, filed suit in April 1987 contesting the constitutionality *Page 238 
of Act No. 85-237, which provides for the filling of vacancies on the Mobile County Commission by a special election when at least 12 months remain on any commissioner's unexpired term:
 "Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."
Stokes contends that the subject of local Act No. 85-237 is subsumed by a general law, § 11-3-6, Code of 1975, and therefore, under Art. IV, § 105, Constitution 1901, and this Court's decision in Peddycoart v. City ofBirmingham, 354 So.2d 808 (Ala. 1978), is unconstitutional.
Section 105, in pertinent part, states: "No special, private, or local law . . . shall be enacted in any case which is provided by a general law." Section 11-3-6, Code of 1975, is contained in the chapter pertaining to county commissions and refers to vacancies:
 "In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed."
Stokes also contends that Act No. 85-237 violates Art. IV, § 104(29), Constitution of 1901, which states, in pertinent part:
 "The legislature shall not pass a special, private, or local law in any of the following cases:
". . . .
 "(29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of organization of new counties, or the changing of the lines of old counties. . . ."
We need not address the plaintiff's attacks under § 104(29) because we are convinced that Act No. 85-237 clearly offends § 105 of the Constitution of 1901.
In Peddycoart v. City of Birmingham, 354 So.2d 808
(Ala. 1978), this Court explained at length the difference between a local law and a general law, and, applying the literal language of the Constitution of 1901, held that the presence of a general law upon a given subject wasprimary, meaning "that a local law cannot be passed upon that subject." This Court added at 813:
 "By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute."
Section 11-3-6 is a statewide statute governing the general subject of filling vacancies on county commissions. Its language is substantially the same as its complementary section that appeared in Ala. Code 1940 as Title 12, § 6. See also Ala. Code 1940, Title 12, § 6 (Recomp. 1958).
Act No. 85-237 was approved April 8, 1985. By its terms, it is made applicable only to Mobile County. Hence, when it became law it applied to a political subdivision of the state less than the whole, and thus, it was a local law on the same subject as the previously enacted general law, § 11-3-6; see Constitution of 1901, § 110; Peddycoart, 354 So.2d at 814; and, accordingly, it is unconstitutional under § 105. We cannot, therefore, agree with the defendant that the Mobile County Commission, because of statutory history, has always been, and therefore is still, governed by local law. To approve such a proposition here would run directly counter to the language of our constitution. Surely, it cannot be held that the legislature is proscribed from enacting general laws on subjects *Page 239 
already covered by local laws, even if by application such local laws are repealed, when the intent of the legislature is clear — and it is in this case. See Buskey v.Mobile County Board of Registrars, 501 So.2d 447 (Ala. 1986).
In Baldwin County v. Jenkins, 494 So.2d 584 (Ala. 1986), a similar question dealing with the constitutionality of a local act was resolved. In that case, this Court was confronted with two statutes dealing with the election and terms of the office of county commissioners. This Court held that the general statute, Code of 1975, § 11-3-1, as amended, having contained the language, "unless otherwise provided by local law," manifested a legislative intent that the subject it dealt with not be subsumed within it:
 "A situation completely opposite and contrary to the one presented here was contemplated and prohibited by the constitutional framers, which is to say that the legislature, by enacting a general law containing no such provision or exception for contrary local laws, thereby intended that general law to be primary
and the subject subsumed entirely by the general law. In that situation, § 105 does operate to prohibit the enactment of contrary local laws. Such is not the case with respect to § 11-3-1
and Act No. 84-639. Because the language of the statute provides for the existence of and prevailing effect of contrary local laws, it must be that the legislature did not intend the subject to be 'subsumed' exclusively within § 11-3-1. That being the case, the co-existence of the general law (§ 11-3-1) and the contrary local law (Act No. 84-639) deferred to in the general law, cannot be said to be repugnant to § 105 because 'the constitutional framers have [only] prohibited the enactment of a local act when the subject [as intended by the legislature] is already subsumed by the general statute.' Peddycoart, [354 So.2d at 813]."
494 So.2d at 587. (Emphasis in Jenkins.)
No such intent is demonstrated by the language of §11-3-6 regarding filling of vacancies, and that language must be given effect according to its terms. Thus, it is our duty to declare Act No. 85-237 unconstitutional as violating § 105. It follows that the judgment appealed from must be, and it is hereby, reversed, and a judgment rendered declaring that Act unconstitutional.
REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
MADDOX, J., concurs specially.
ALMON, J., concurs in the result.
ADAMS and STEAGALL, JJ., dissent.